IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
)
vs. ) No. 08 C 2405
)
JAKEFFE HOLT, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Defendant was convicted of possession of a firearm by a felon. He now brings this §2255 petition *pro se,* relying upon three grounds – the first and third are interrelated. He contends that he was denied effective assistance of counsel due to the failure of his attorney to call as witnesses the police officers who ruled in certain past incidents that the arresting officers have engaged in misconduct and who had therefore imposed sanctions. He also claims that he was erroneously prejudiced by this court's refusal to permit extrinsic evidence of that misconduct.

These contentions appear to be a blend relating to Federal Rules of Evidence 404 and 608. As the Court of Appeals pointed out in affirming the conviction, 486 F.3d 997 (7th Cir. 2007), Rule 404 excludes character evidence as a general matter, and Rule 608 deals more particularly with evidence of a witness' character or conduct. Defendant could have called a witness to testify to the reputation of the arresting officers for truthfulness, if there was such a witness, but there is nothing to suggest that any of the police officers involved in the disciplinary proceedings were prepared to testify that either of the arresting officers had a reputation for being untruthful. Indeed, defendant does not specify what incidents, if any, were sustained, or how, if at all, they related to truthfulness. The Court of Appeals opinion

refers to one instance by one officer that resulted in a 30-day suspension (if it is an incident referred to by defendant) that relates to truthfulness, but that is a long way from establishing that another officer would testify to a colleague's reputation for being untruthful. What we do know is that Rule 608(b) prohibits incidents to be explored by extrinsic evidence. In any event, grounds one and three were essentially ruled upon on appeal and cannot be raised here for collateral review.

Ground two is that defendant's attorney was ineffective because he failed to call as a witness Kimberly Nash, who, we are told, had originally called the police to the scene, and talked to them when they arrived, but who later changed her story. But a decision not to call a witness who has changed her story is clearly a strategic decision. The damaging testimony was that of the officers describing the pursuit of an armed defendant, not evidence of what brought them there in the first place, and a reasonable jury could totally reject, to defendant's detriment, any later contradictory exculpatory testimony.

*signature*
JAMES B. MORAN
Senior Judge, U. S. District Court

June 12, 2008.